*MA*

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JOHN W. DARRAH | Sitting Judge if Other than Assigned Judge | *Darrah* |
|---|---|---|---|
| **CASE NUMBER** | 13 C 4420 | **DATE** | 6-27-13 |
| **CASE TITLE** | Edward Hambrick (#2013-0408013) vs. City of Chicago Police Dept., et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is granted. The court authorizes and orders Cook County Jail officials to deduct $1.88 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. However, summonses shall not issue at this time. The court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint (plus a judge's copy and service copies). Failure to submit an amended complaint within thirty days of the date of this order will result in summary dismissal of this case. The clerk is directed to provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order.

■ **[For further details see text below.]**

Docketing to mail notices.

## STATEMENT

The plaintiff, an inmate in the custody of the Cook County Department of Corrections, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that (1) Chicago police officers stopped him without justification, then conducted a warrantless, non-consensual search of his car and falsely arrested him; (2) another officer who was not at the scene falsely testified at a preliminary hearing that the plaintiff had cut him off, was not wearing a seatbelt, was making furtive moments, and was armed with a gun in full view; and (3) that he was arrested pursuant to a conceal-and-carry law that the U.S. Court of Appeals for the Seventh Circuit ruled unconstitutional the next day.

The plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $1.88. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the

**(CONTINUED)**

| | mjm |
|---|---|

plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

However, the plaintiff must submit an amended complaint. First, the defendants listed in the caption do not match the list of defendants found on page two. Second, none of the government entities named can be sued. The Chicago Police Department is not a suable entity. *See Courtney v. City of Chicago*, 439 Fed. App'x. 557, 558 (7th Cir. 2011) (citing *Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997)). The Eleventh Amendment, furthermore, bars suits for damages against the State of Illinois. *See, e.g., Turpin v. Koropchak*, 567 F.3d 880, 883 n.4 (7th Cir. 2009). There is no such entity as the "Cook County Attorney General;" the plaintiff has provided no basis for suit against either the Cook County State's Attorney or the Illinois Attorney General. "[I]n initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also, Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

With regard to the individual police officers, the plaintiff cannot sue the officer who allegedly lied on the stand. Police officers acting as witnesses "have absolute immunity from a damages suit based on their testimony." *Gauger v. Hendle*, 349 F.3d 354, 358 (7th Cir. 2003), *citing Briscoe v. LaHue*, 460 U.S. 325, 345-56 (1983). Certainly, false testimony could lead to professional discipline or even criminal charges, and might serve as a basis for invalidating any resulting conviction; however, the plaintiff cannot recover damages under Section 1983 for the allegedly false testimony.

Nor can the plaintiff challenge the conceal-and-carry law. As the plaintiff acknowledges, that statute has already been invalidated. Furthermore, a statutory challenge belongs in a separate lawsuit. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a). In the context of this lawsuit, the plaintiff can only pursue his claims against the arresting officers.

For the foregoing reasons, the court dismisses the complaint on file without prejudice. The plaintiff is granted thirty days in which to submit an amended complaint on the court's required form. The amended complaint should name as defendants (in both the caption and parties section of the amended complaint) the police officers who allegedly violated the plaintiff's constitutional rights during the course of the stop and arrest. The plaintiff must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. As with every document filed with the court, the plaintiff must provide an extra copy for the judge;
**(CONTINUED)**

he must also submit a service copy for each defendant named in the amended complaint. The plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations against all defendants must be set forth in the amended complaint, without reference to the original complaint. Any exhibits the plaintiff wants the court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits. The plaintiff is advised to keep a copy for his files.

The clerk will provide the plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If the plaintiff fails to comply within thirty days, the case will be summarily dismissed.