IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EDWARD HAMBRICK, ) | |
| ) | Case No. 13 C 4420 |
| Plaintiff, ) | |
| vs. ) | JUDGE MARTIN |
| ) | |
| The City of Chicago Police Department, ) | |
| Officer Marco Proano (Star # 9477), ) | |
| Officer Fernand Rodriguez (Star # 12986) ) | |
| Officer Guy Habiack (Star # 9921) ) | |
| Officer Johnson (Star # 17034) ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' AGREED MOTION FOR ENTRY OF CONFIDENTIALITY AND QUALIFIED HIPAA AND MHDDCA PROTECTIVE ORDERS

Defendants Proano, Rodriguez, Habiak, and Johnson by one of their attorneys, Jessica L. Griff, Assistant Corporation Counsel, respectfully move this Honorable Court, pursuant to Fed.R.Civ.P. 26(c) and 45 C.F.R. §§ 160 and 164, as well as the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26, and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, for entry of Defendants' proposed "Confidentiality Order" (attached hereto as Exhibit A) and "Qualified HIPAA Protective Order" (attached hereto as Exhibit B). In support thereof, Defendants state as follows:

1. Documents containing confidential information relating to parties and non-parties are being sought in this matter. Specifically, discovery relating to investigation files commonly referred to as Complaint Registers ("CRs") of Chicago police officers are at issue. Defendants do not seek to prevent the production of any relevant documents, but rather, to control the dissemination of sensitive information contained in those often voluminous files that is otherwise protected by statute as set forth in the Model Order. Consequently, Defendants seek the entry of their proposed Confidentiality Order, which clarifies the LR 26.2 Model Confidentiality Order

1

with respect to the production and handling of CRs, as outlined in paragraph 18 of the proposed order. A redlined version of Defendants' proposed Confidentiality Order is attached hereto as Exhibit A.

2. Defendants' proposed protective order is consistent with this District's proposed model confidentiality order, with the inclusion of additional language regarding the protocol for designating particular information within CR files as "Confidential Information" under the terms of the Order. While court proceedings generally are open to public scrutiny, not all materials produced in discovery but unfiled in court proceedings may be freely available or disseminated to the public. To the contrary, courts have consistently provided confidential protection for the kind of unfiled, sensitive documents at issue here. For instance, in *Seattle Times Co. v. Rhinehart,* 467 U.S. 20, 33 (1984), the Supreme Court held that the public's right of access is limited to traditionally publicly available sources of information, and "restraints placed on discovered, but not yet admitted, information are not a restriction on a traditionally public source of information." The Court recognized that Fed. R. Civ. P. 26(c) allows for protection from annoyance and embarrassment, and while Rule 26(c) does not contain a specific reference to privacy, privacy is "implicit in the broad purpose and language of the Rule." *Id.* at 35, n.21.

3. The Seventh Circuit has recently re-confirmed its position distinguishing between filed and unfiled discovery for purposes of confidential protection. *Goesel v. Boley Int'l,* 738 F.3d 831, 833 (7th Cir. 2013). Citing its earlier decision in *Baxter International, Inc. v. Abbott Laboratories,* 297 F.3d 544 (7th Cir. 2002), the Seventh Circuit stated ". . . the presumption of public access 'applies only to the materials that formed the basis of the parties' dispute and the district court's resolution'; other materials that may have crept into the record are not subject to

the presumption.'" *Goesel,* 738 F.3d at 833*; Baxter*, 297 F.3d at 548. Earlier in *Baxter*, the court also stated that "[s]ecrecy is fine at the discovery stage, before the material enters the judicial record." *Baxter*, 297 F.3d at 545. And in *Bond v. Utreras,* the court re-emphasized that "[t]here are good reasons to treat the public's right to access filed and unfiled discovery materials differently." 585 F.3d 1061, 1074-75 (7th Cir. 2009). "Generally speaking, the public has no constitutional, statutory (rule-based), or common-law right of access to unfiled discovery." *Id.* at 1073; *see also Coleman v. City of Chicago, et al.*, 12 C 10061 (N.D. Ill., Apr. 4, 2014) (J. Kennelly) (as a general rule, the public has no right of access to unfiled discovery (*citing Bond*, *supra*).

    4.    While Illinois statutes do not control this Court's determination, such statutes provide helpful guidance in determining whether there is good cause for defining various information contained in CR files as confidential. *See, e.g., Johnson v. Kemps,* 2011 WL 2550507 at *2 (N.D. Ill. June 20, 2011). For example, Section 7 of the Illinois Freedom of Information Act ("IFOIA"), by setting forth specific exemptions to public disclosure within IFOIA, supports the protection of various portions of CR files from public dissemination. 5 ILCS 140/7 et seq. (West 2010). These include, inter alia, names of Complainants and third parties, as well as private information of individuals, including social security numbers, personal addresses and the like, and information that needs to be protected for safety and security reasons. In addition, the Juvenile Court Act, 705 ILCS 405/1-1 *et seq*. (protecting the disclosure of juvenile court records) and the Illinois Personnel Records Review Act, 820 ILCS 40/0.01 *et seq.* (protecting the disclosure of employee personnel files and related information) also mandate protection under Illinois law. Determining which particular information is protected by IFOIA or by provisions of other statutes existing in voluminous CR-type files can only be determined

upon close investigation in a case-by-case review. Therefore, ensuring that redactions are properly made prior to any public release of such protected information is essential, and this protective order provides the framework for that contingency while, at the same time, facilitating discovery in this matter.

5. Medical information is protected by the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26, and 42 U.S.C. (2002). The "Privacy Standards" for such information is found at 45 C.F.R. §§ 160 and 164 (2000). Mental Health records are protected by the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/1-17.

6. The Defendants' proposed "Qualified HIPAA and MHDDACA Protective Order," attached hereto as Exhibit B, prohibits use of medical information covered by the Health Insurance Portability and Accountability Act and the Mental Health and Developmental Disabilities Confidentiality Act for any purpose other than litigation of this case, prohibits their dissemination to parties outside this litigation, and requires their return to the producing party at the end of this litigation. Such an order would ensure the protection of such information, consistent with the principles of federal and Illinois law. This order will also protect against improper dissemination of confidential information and unfairness in the trial process.

7. Plaintiff has no objection to Defendants' proposed Confidentiality Order or HIPPA and MHDDHA Order, which will help minimize discovery disputes because sensitive documents will be used only for the purposes of the instant litigation.

WHEREFORE, Defendants respectfully request this Court to enter Defendants' proposed Confidentiality Order, and Qualified HIPAA and MHDDCA Protective Order attached hereto, and for such further relief the Court deems just and proper in this matter.

Respectfully submitted,

DATED: September 22, 2014

/s/Jessica L. Griff

Jessica L. Griff
Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois  60602
(312) 744-2826
(312) 744-6566 Fax

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| EDWARD HAMBRICK, ) | |
| ) | Case No. 13 C 4420 |
| Plaintiff, ) | |
| vs. ) | JUDGE MARTIN |
| ) | |
| The City of Chicago Police Department, ) | |
| Officer Marco Proano (Star # 9477), ) | |
| Officer Fernand Rodriguez (Star # 12986) ) | |
| Officer Guy Habiack (Star # 9921) ) | |
| Officer Johnson (Star # 17034) ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

**PLEASE TAKE NOTICE** that on this 22nd day of September 2014, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' AGREED MOTION FOR ENTRY OF CONFIDENTIALITY AND QUALIFIED HIPAA AND MHDDCA PROTECTIVE ORDERS** a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means to the person named above at the address shown this 22nd day of September 2014.

/s/Jessica L. Griff

Jessica L. Griff
Assistant Corporation Counsel
City of Chicago, Department of Law
Federal Civil Rights Litigation Division
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 744-2826
(312) 744-6566 Fax